Application for a repealing.

By the Court.

In this case, the appellee, being dissatisfied with the judgment of the court, obtained a rule upon the appellant to shew cause, why a rehearing should not be allowed. The counsel has con* tended that the judgment of the court is against evidence and against law.
Again sr evidence, because the court has pronounced the transaction, which took place between the parties to be a dation en payement, á giving in payment, while, in the statement of facts, ‘ it is called a purchase.
The court, in forming their opinion, have not attended so much to the name, given by the parties to the transaction, as to the nature of the transaction itself. If the parties should state that one has given to another a piece of ground for a sum of money, the court would riot call that a gift, but a sale. So here, the parties say that one, being creditpr of the other, called on the debtor to demand payment ; that the debtor, having no money to give, offered goods in payment, and that the creditor purchased the goods. This name of purchase does not alter the nature of the transaction, such as it appears on the exposition of the facts. The court, therefore, has called it a dation en payement, *270 an{j has drawn a line of demarcation between this kind of contract and a naked contract of sale.
NothiNg having been said against that dis-which can induce the court to change t|ie¡r 0p'uli0ii, and one of the reasons farther adduced, to shew a constructive delivery of the goods claimed, having convinced them that any such delivery took place, the judgment must, therefore, stand unshaken on that ground, alone : and it is unnecessary to take into consideration the other arguments, which presuppose the existence of a real contract of sale. The rule must be discharged.